# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **CRYSTAL DURAN and DAVID PORRAS, INDIVIDUALLY, AND AS NEXT FRIEND TO JAZMIN PORRAS, a Minor,** | § § § § § § | |
| Complainant, | § § | Case No. 3:16-cv-01724-N |
| v. | § § | |
| **CAREFUSION 303, INC, CAREFUSION CORPORATION, and BECTON, DICKINSON & COMPANY,** | § § § § | |
| Defendants. | | |

## FIRST AMENDED COMPLAINT AND REQUEST FOR A JURY TRIAL

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW, Complainants CRYSTAL DURAN, both Individually and as Next Friend to JAZMIN PORRAS, and DAVID PORRAS, both Individually and as Next Friend to JAZMIN PORRAS (also referred to herein as "Complainants") and file this, First Amended Complaint and Request for a Jury Trial against CAREFUSION 303, INC., formerly known as Alaris Medical Systems, Inc. and Cardinal Health 303, Inc.("Defendant CareFusion 303"), hereinafter referred to as "Defendant," and in support thereof would respectfully show this Court as follows:

## I. Parties

Complainant, CRYSTAL DURAN, both individually and as next friend, is the natural mother of JAZMIN PORRAS, a minor.

Complainant, DAVID PORRAS, both individually and as next friend, is the natural father of JAZMIN PORRAS, a minor.

Complainant, CareFusion 303 has made answer and is before the Court for all purposes.

## II. Background

At all times relevant, the Defendant was in the business of designing, manufacturing, constructing, assembling, inspecting and selling medical equipment, including the Alaris large volume infusion pump model 8100, formally known as the Medley Pump, as controlled by the Alaris Pump Controller model 8105 using Alaris' Pump module administration set (also referred to herein as the "Device"). At all times relevant, the Defendant was in the business of designing, manufacturing, constructing, assembling, inspecting, and selling medical apparatus' including the clamps, springs, coils, "fingers," syringes, burettes, and key pads used with the Device to administer intravenous medical fluids and medications. At all times relevant, the Defendant was in the business of monitoring, servicing, instructing, providing new information about, training, and updating software and hardware on the Device while it was in service at Parkland Hospital in Dallas, Texas (hereinafter referred to as "Parkland").

On June 12, 2014, Jazmin Porras was a patient at Parkland in the Neonatal Intensive Care Unit ("NICU"), when medical fluids were administered to Jazmin through the Device. On said day, the Device malfunctioned causing the administration of medical fluids to Jazmin in an excessive amount and at a very rapid and unsafe rate – more specifically, the Device over infused approximately 250 milliliters 30% dextrose with heparin solution into Jazmin's umbilical vein (hereinafter referred to as the "Incident"). Said Incident caused Jasmin to suffer severe injury. Defendant placed the Device into the stream of commerce. Furthermore, these items had not been significantly altered after they were introduced into the stream of commerce and they were being used for their intended purpose at all times hereto. The items where not approved by the Federal Drug Administration through a pre-market approval process but where exempt under a Section 510K exemption.

### III. Strict Liability for Manufacturing Defect

The facts recited in the "Background" paragraph above are included in this paragraph by reference. The Alaris large volume infusion pump model 8100, formally known as the Medley pump, as controlled by the Alaris Pump Controller model 8105 using Alaris' Pump module administration set deviated in its construction or quality from its specifications in a manner that rendered unreasonably dangerous. More specifically, these products where not assembled adequately to force the tubing into the pump mechanism in a manner that would prevent over-infusion of medical fluids. Said

unreasonably dangerous products were a producing cause of Jasmin Porras severe injury that resulted in damages herein after described.

## IV. Strict Liability for Design Defect

The facts recited in the "Background" paragraph above are included in this paragraph by reference. The Alaris large volume infusion pump model 8100, formally known as the Medley pump, as controlled by the Alaris Pump Controller model 8105 using Alaris' Pump module administration set was in a condition that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. More specifically, the product was not adequately designed to provide warnings of over infusions of fluids and/or stop the infusion of fluids in case of over infusion. There was a safer alternative design for aforementioned products. Said unreasonably dangerous products were a producing cause of Jasmin Porras severe injury that resulted in damages herein after described.

## V. Strict Liability for Marketing Defect

The facts recited in the "Background" paragraph above are included in this paragraph by reference. The Alaris large volume infusion pump model 8100, formally known as the Medley pump, as controlled by the Alaris Pump Controller model 8105 using Alaris' Pump module administration set was in a condition that rendered it unreasonably dangerous as there was a failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed

human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed. More specifically, the products did not include an adequate warning of an over infusion if the door was not fully closed as well as a warning that the amount shown as volume infused was not an actual measurement but instead an estimate of the medical fluid infused based upon a mathematical calculation. Said unreasonably dangerous products were a producing cause of Jasmin Porras severe injury that resulted in damages herein after described.

## VI. Negligent Manufacturing

The facts recited in the "Background" paragraph above are included in this paragraph by reference. Defendant failed to exercise ordinary care in the manufacturing of the Alaris large volume infusion pump model 8100, formally known as the Medley pump, as controlled by the Alaris Pump Controller model 8105 using Alaris' Pump module administration set.  More specifically Defendant failed to assemble these products such that the door to the pump would remain ajar allowing the free flow of fluids either of which independently or in combination with each other proximately caused Jasmin Porras' severe injury which resulted in damages hereinafter describe.

## VII. Negligent Design

The facts recited in the "Background" paragraph above are included in this paragraph by reference. Defendant failed to exercise ordinary care in the design of the

Alaris large volume infusion pump model 8100, formally known as the Medley pump, as controlled by the Alaris Pump Controller model 8105 using Alaris' Pump module administration set.  More specifically Defendant additionally failed to design a system for stopping the free flow of fluids when the pump door is open. These negligent designs independently or in combination with each other proximately caused Jasmin Porras' severe injury which resulted in damages hereinafter described.

## VIII. Negligent Marketing

The facts recited in the "Background" paragraph above are included in this paragraph by reference. Defendant failed to exercise ordinary care in the marketing of the Alaris large volume infusion pump model 8100, formally known as the Medley pump, as controlled by the Alaris Pump Controller model 8105 using Alaris' Pump module administration set.  More specifically, Defendant failed to adequately warn users that the volume infused was not the actual amount infused but was an estimate of the volume infused.  Additionally, Defendant failed to adequately warn users that a free flow of fluid would occur unless door is fully closed.  This negligent marketing proximately caused Jasmin Porras' severe injury which resulted in damages hereinafter described.

## IX. Breach of the Warranty of Merchantability

The facts recited in the "Background" paragraph above are included in this paragraph by reference. Defendant supplied Parkland Hospital with Alaris large volume

infusion pump model 8100, formally known as the Medley pump, as controlled by the Alaris Pump Controller model 8105 using the Alaris' Pump module administration set. Said products were unfit for their ordinary purpose because of the defects alleged above in violation of the implied warranty of merchantability. Said violation proximately caused Jasmin Porras severe personal injury that resulted in damages hereinafter described.

## X. Violation of the Texas Deceptive Trade Practices Act

The facts recited in the "Background" paragraph above are included in this paragraph by reference. The Complainants herein were consumers of the Device under the Texas Deceptive Trade Practice Act. Complainants hereby bring a claim under the Texas Bus. & Com. Code §17.50(a)(2) for the aforementioned breach of implied warranty of merchantability mentioned above. Complainants seek relief provided for under Tex. Bus. Com. Code §17.50 (b) for economic damages for breaches of said warranty. Furthermore, Defendant knowingly breached said warranty as they knew the Device was not fit for the ordinary purposes in that similar over infusions had previously caused similar injuries. Complainants seek mental anguish damages and treble of economic damages for said knowing conduct. Additionally, Complainants seek reasonable and necessary attorney's fees as well as costs.

## XI. Negligent Repair of Product

The facts recited in the "Background" paragraph above are included in this

paragraph by reference. Defendants recalled the Product but failed to act with ordinary care in effecting repair of Product. This negligence was a proximate cause of Jasmin Porras' severe injury that resulted damages as described hereinafter.

## XII. Misrepresentation

The facts recited in the "Background" paragraph above are included in this paragraph by reference. Defendant falsely represented to Parkland's staff that the Device was safe when used as instructed, when in fact, it was dangerous to the health of patients, including the minor Complainant, Jazmin Porras. Defendant failed to exercise reasonable care in obtaining or in communicating the information regarding the safe use of the device and otherwise failed to exercise reasonable care in transmitting information to the staff and physicians at Parkland. Defendant made these representations in the course of their business as designer, developer, manufacturer, and distributor of the device, despite having no reasonable basis for their assertion that these representations were true and/or without having accurate or sufficient information concerning the aforesaid representations. Defendant was aware that without such information they could not make the aforesaid representations. At the time the aforesaid representations were made by the Defendant, they were intended to induce Parkland to rely upon such representations. At the time the aforesaid representations were made and the Complainant, Jazmin Porras, was treated with the Device, the staff at Parkland was ignorant of the falsity of Defendant's representations and reasonably

believed them to be true. Due to reasonable reliance upon said representations, the minor Complainant, Jazmin, was treated using the device. As a direct and proximate result of the Defendant's representations, the minor Complainant, Jazmin Porras, suffered and will continue to suffer injury, harm and economic loss as alleged herein and his parents will suffer damages as set out herein.

### XIII. Gross Negligence/Exemplary Damages

Defendant's negligence as described above when viewed objectively from their standpoint at the time of sale of the product involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others in a manner that can only be described as grossly negligent for which Complainants seek exemplary damages.

### XIV. Damages

Each act of negligence, breach, failure, misrepresentation, or other act or omission, outlined above independently and/or in combination with each other was a proximate cause of Complainants' severe injury which resulted in general and special damages to the minor, Jazmin Porras. The unreasonably dangerous nature of the Device, as well as the above recited violations of warranties, were also a producing cause of general and

special damages to Jazmin Porras. More specifically, the special damages referred to in this paragraph are:

1. Past medical expense;
2. Future medical expenses;
3. Future loss of earning capacity;
4. Past mental anguish;
5. Future mental anguish;
6. Future physical pain;
7. Past physical impairment;
8. Future physical impairment;
9. Disfigurement in the past;
10. Disfigurement in the future; and
11. Past pain and suffering; and
12. Future pain and suffering.

Additionally, Complainants Crystal Duran and David Porras hereby seek recovery for loss of services of Jazmin Porras during her minority.

## XV. Request For Disclosure

Complainants request that Defendant make disclosures pursuant to Texas Rules of Civil Procedure 194.

## XVI. Request For A Jury Trial

Complainants request a jury trial and has already paid the jury fee of $ 40.00.

## XVII.  Prayer

**WHEREFORE, PREMISES CONSIDERED**, Complainants pray that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Complainants against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Complainants may be entitled at law or in equity.

Respectfully Submitted,
**BROCK & GOETZMANN, PLLC**
9400 N. Central Expressway, Suite 416
Dallas, Texas 75231
Tel: (214) 739-1843
Fax: (214) 739-1496

*/s/ Stephen Goetzmann*
Stephen Goetzmann
Texas State Bar No.  08059850
stephen@brockgoetzmann.com
ATTORNEYS FOR COMPLAINANT